IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY DEAN GERRON, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-00719-G (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Jeffrey Dean Gerron, a Texas prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DENY Gerron's petition.

**I.   Background**

Gerron was charged by indictment in Ellis County, Texas with ten counts of possession of child pornography. Following a jury trial in January 2014, he was convicted on nine counts and sentenced to nine consecutive nine-year terms of imprisonment. The Waco Court of Appeals affirmed the trial court's judgment. *See Gerron v. State*, 524 S.W.3d 308, 315 (Tex. App. – Waco 2016). And the Texas Court of Criminal Appeals (CCA) refused Gerron's petition for discretionary review. *See Gerron v. State*, PD-1365-16 (Tex. Crim. App. 2017). Gerron filed an application for a state writ of habeas corpus, but the CCA denied the application

on the findings of the trial court without a hearing. Then, Gerron, through his retained counsel, filed his § 2254 petition. Pet. (ECF No. 1); *see also* Mem. (ECF No. 4). In it, he claims: (1) his attorney provided ineffective assistance of counsel when he failed to request submission of a jury instruction concerning his professed mistake-of-fact concerning the age of the victims shown in State's exhibits 2-10; and (2) he was deprived of due process because there was no evidence he knew the victims depicted in State's exhibits 2-10 were younger than eighteen. Gerron's claims are fully-briefed and ripe for determination.

## II. Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, provides:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U. S. C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of

materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

### A. Ineffective Assistance of Counsel

In his first claim, Gerron argues that he received ineffective assistance of counsel when his attorney, Zach Redington, failed to request a mistake-of-fact instruction concerning the age of the victims shown in State's exhibits 2-10. Pet. 6 (ECF No. 1); Mem. 9-22 (ECF No. 4). He argues that he had a reasonable belief that the individuals depicted in the photographs on his computer were older than eighteen. Mem. 9 (ECF No. 4). He further argues that the adjudication of this issue resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id.* 16-18. Gerron claims that there was evidence he formed a reasonable belief that the individuals depicted in the photographs were older than eighteen, which required his trial attorney to request the mistake-of-fact instruction. *Id.* 16. Similarly, he argues that the adjudication of this issue resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. *Id.* 18-22. Gerron claims: his mistaken belief was reasonably formed, and it negated the culpability required for conviction; his attorney's failure to request a mistake-of-fact jury instruction was not reasonable trial strategy; and

3

his attorney conceded that failure to give the mistake-of-fact instruction was not reasonable trial strategy. *Id.* 18-21. Gerron also takes issue with the state habeas trial court's findings, and he argues the state habeas trial court erred by: (1) ignoring testimony from Cynthia Manning, an investigator with the Department of Homeland Security, (2) ignoring Redington's affidavit, (3) wrongfully concluding that Gerron did not make a mistake and made a mistake as to the law, (4) wrongfully concluding that whether Gerron believed the photographs were legal was already an element of the offense before the jury, and (5) wrongfully concluding that Gerron could not have shown harm because the jury rejected his claim. *Id.* at 10-11.

To succeed on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 689. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

4

have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

"[T]he test for federal habeas purposes is not whether [an inmate] made that showing [required by *Strickland*]. Instead, the test is whether the state court's decision—that [the inmate] did not make the *Strickland*-showing-was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim." *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003); *Charles v. Thaler*, 629 F.3d 494, 501 (5th Cir. 2011) (citing *Schaetzle*, 343 F.3d at 444); *see also* 28 U.S.C. § 2254(d)(1). When the state court has adjudicated the claims on the merits, a federal court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Here, to prevail on his first claim, Gerron must demonstrate that the state court's determination his trial attorney, Redington, did not provide ineffective assistance of counsel, was an unreasonable application of the clearly established federal standard set forth in *Strickland*. *See Schaetzle,* 343 F.3d at 444. The Supreme Court has emphasized counsel has "wide latitude in deciding how best to represent a client." *Ward v. Stephens*, 777 F.3d 250, 264 (5th Cir. 2015), *abrogated on other grounds by Ayestas v. Davis,* 138 S. Ct. 1080 (2018). On federal habeas review, "*Strickland* does not allow second guessing of trial strategy and must be applied with keen awareness that this is an after-the-fact inquiry." *Granados v. Quarterman,* 455 F.3d 529, 534 (5th Cir. 2006). Even when a trial attorney's strategy is not successful, it does not mean his performance was necessarily deficient. *Avila v. Quarterman,* 560 F.3d 299, 314 (5th Cir. 2009).

The State habeas court made the following relevant findings of fact and conclusions of law:

> 6.)   [Gerron] was not entitled to a mistake of fact instruction:
>
>  a)   For mistake of fact, the defendant must show that he, through mistake, formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for the commission of the offense. Tex. Penal Code. § 8.02(a);
>
>  b)   [Gerron's] claim that he mistakenly believed the images were not illegal because they did not depict sexual conduct is not a claim of mistaken *fact*. It only claims that [Gerron] was mistaken as to the law of possession of child pornography;

  c) Whether [Gerron] mistakenly believed the children in the images were over 18 or were not engaged in sexual conduct was already before the jury, which was required as an element of the offense to find he knew that the material depicted a child "younger than 18 years of age . . . who is engaging in sexual conduct." Tex. Penal Code § 43.26(a);

  d) Where the jury already had an opportunity to fully consider [Gerron's] claimed mistaken [sic] as an element of the offense, no mistake of fact instruction is necessary. *Bruno v. State*, 845 S.W.2d 910, 913 (Tex. Crim. Ap. 1993);

7.) Because [Gerron] was not entitled to either charge, counsel was not deficient in failing to request a jury charge on mistake of law or mistake of fact:

8.) [Gerron] was not prejudiced by counsels' alleged error because the result of the proceeding would not have been different had the charges been given:

  a) When the jury already had the opportunity to fully consider the defendant's claim and necessarily rejected it, any failure to give a defensive instruction is harmless. *Durden v. State*, 290 S.W.3d 413, 421 (Tex. App.-Texarkana 2009, no pet.);

  b) The jury already had to conclude that [Gerron] knew the images depicted children under 18 engaged in sexual conduct as an element of the offense. Tex. Penal Code § 43.26(a);

  c) The jury necessarily rejected [Gerron's] claims of mistake by convicting him;

9.) [Gerron] is not entitled to relief on Ground 1[.]

State Habeas Ct. R. -01 at 247-49.

  Judge Bob Carroll presided over Gerron's trial as well as the review of his state habeas application and, as discussed, Judge Carroll made findings of fact and conclusions of law regarding Gerron's first claim. Supp. State Habeas Ct. R. -01 at

247-49. Where the state habeas court and the trial court are one in the same, the presumption of correctness afforded the state habeas court's factual determinations is especially strong. *Mays v. Stephens*, 757 F.3d 211, 214 (5th Cir. 2014); *see also Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir. 2000) (citing *Amos v. Scott*, 61 F.3d 333, 347 (5th Cir. 1995); *James v. Collins*, 987 F.2d 1116, 1122 (5th Cir. 1993)). As noted, Judge Carroll found that Gerron was not entitled to a mistake-of-fact instruction. Therefore, presumably, if Redington had requested a mistake-of-fact instruction, Judge Carroll would have denied the request. Gerron's first claim should be denied on this basis alone.

Additionally, there does not appear to be evidence to support a finding that Gerron was reasonably mistaken about a fact. Gerron did not testify at his trial. *See* Reporter's R. Vol. V 71-72 (Gerron was admonished on his choice not to testify). In support of his claim that he was reasonably mistaken about the age of the victims in State's exhibits 2-10, Gerron refers to testimony from Cynthia Manning, in which she stated that Gerron thought the images were not illegal because they were not "engaged in sex acts" and the testimony of Dr. Coffman, who was not sure of the age of some of the individuals depicted in the images. Mem. 9-10, 15 (ECF No. 4).

> Gerron was charged under the Texas Penal Code § 43.26, which provides:
>
> [T]he person knowingly or intentionally possesses, or knowingly or intentionally accesses with intent to view, visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made *who is engaging in sexual conduct*, including a child who engages in sexual conduct as a victim of an offense[.]

8

Tex. Penal Code § 43.26(a)(1) (emphasis added). "Sexual conduct" is defined as "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola." *Id.* § 43.25 (a)(2). Gerron contends that he thought the images were legal because they did not show children under eighteen "engaged in sex acts," and in support of this argument he relies on a mistaken understanding of the relevant law. Dr. Coffman questioned whether "the girls depicted in Counts 1, 5, 6, 8, and 10 were under 18." Mem. 10 (ECF No. 4); *see also* Reporter's R. Vol. V 17-33. However, there is no indication from the record that Gerron had similar questions. For example, the names given to the images at issue strongly suggest that they were children. *See* Clerk's R. 9-11 (indictment); 79-88 (jury charge). The names included "little dreams," "cutelolitamodel," "HottArtChildModels," and "lolitaImage." *See id.* 9-11 (indictment); 79-88 (jury charge).

Moreover, in Texas, a mistake-of-fact defense requires that the actor had a "reasonable belief about a matter of fact". Tex. Penal Code § 8.02(a); *see also Magana v. State*, 2020 WL 2214214, at *3 (Tex. App. May 7, 2020) ("By definition, the mistake-of-fact defense must be based on a "reasonable belief about a matter of fact.") (quoting Tex. Penal Code § 8.02(a)). A "reasonable belief" is one that is "held by an ordinary and prudent man in the same circumstances as the actor." Texas. Penal Code § 1.07(a)(42). Unlike many other statutory defenses, a mistake-

9

of-fact defense negates an element of the offense—the defendant's culpable mental state. *Magana*, 2020 WL 2214214, at *3 (citing *Celis v. State*, 416 S.W.3d 419, 430–31 (Tex. Crim. App. 2013)). In this case, is it is not plausible to conclude that Gerron had a "reasonable belief" that the images saved with names such as those mentioned were associated with individuals eighteen years old or older. "The [mistake-of-fact] defense is inapplicable where the 'mistaken belief is not reasonable.'" *Id.* at *3 (citing *Gant v. State*, 814 S.W.2d 444, 451–52 (Tex. App.—Austin 1991, no pet.)); *see also Thompson v. State*, 236 S.W.3d 787, 800 (Tex. Crim. App. 2007) (recognizing that a "mistake must be reasonable for it to constitute a circumstance that exculpates the defendant of the offense charged"). Gerron has failed to demonstrate he had a reasonable belief the individuals pictured in the images at issue were older than eighteen. Consequently, he was not entitled to a mistake-of-fact jury instruction under § 8.02(a), and his attorney did not err in not requesting it.[1]

Gerron has also failed to show that he was prejudiced by his attorney's alleged failure to request a mistake-of-fact jury instruction. The fact that Gerron

---

[1] Similarly, Gerron was not entitled to a mistake-of-law instruction. A mistake-of-laws is "an affirmative defense to prosecution that the actor reasonably believed the conduct charged did not constitute a crime and that he acted in reasonable reliance upon[.]" Tex. Penal Code § 8.03(b). It requires that the defendant relied on: "(1) an official statement of the law contained in a written order or grant of permission by an administrative agency charged by law with responsibility for interpreting the law in question; or (2) a written interpretation of the law contained in an opinion of a court of record or made by a public official charged by law with responsibility for interpreting the law in question." *Id.* Gerron has made no such showing here.

knew the images at issue were of children engaged in sexual conduct was part of the charge given to the jury. *See* Clerk's R. 79-88 (jury charge). As noted, a mistake-of-fact defense negates an element of the offense, which is the defendant's culpable mental state. *Magana,* 2020 WL 2214214, at *3 (citing *Celis,* 416 S.W.3d at 419, 430–31). When the jury found Gerron guilty as charged on nine counts of possession of child pornography, it also necessarily found that he did not mistakenly possess the images. *See Gerron,* 524 S.W.3d at 319. Therefore, Gerron has not demonstrated that he was prejudiced by his attorney's failure to request the mistake-of-fact jury instruction.

In sum, the state court's finding that Redington did not provide ineffective assistance of counsel by failing to request a mistake-of-fact instruction was not an unreasonable application of *Strickland*. Consequently, Gerron's first claim should be denied.

### B. Knowledge

In his second claim, Gerron argues that he did not know "that the persons depicted in State's exhibits 2-10 were younger than 18." Pet. 6 (ECF No. 1); *see also* Mem. 23 (ECF No. 4). Specifically, he argues that he "was deprived of his constitutional right to know beforehand whether and why his alleged conduct was prohibited." Mem. 23 (ECF No. 4). Gerron contends that the Waco Court of Appeals erred when it considered that the jury determined the individuals depicted were less than eighteen and engaged in sexual conduct served as proof of the same. *Id.* 23-24.

11

This claim appears to be a combination of a claim presented to the Waco Court of Appeals and one presented to the state habeas trial court. On direct appeal, Gerron argued:

> Section 43.26 of the Texas Penal Code is facially unconstitutional to the extent that it proscribes the possession of visual material depicting a child engaged in sexual conduct, which is defined in part as the "lewd exhibition" of a child's genitals, because the term "lewd exhibition" is vague and overbroad.

Appellant's Br. 28, 28-32. He further argued that Texas Penal Code § 43.26 was "'unconstitutionally vague" because it does not provide a definition for 'lewd exhibition'" and also "fails to provide reasonably clear notice of what type of conduct is or is not prohibited and potentially leads to arbitrary prosecution." *Id.* 28. The vagueness challenge is part of Gerron's second claim. Mem. 25-26 (ECF No. 4). And it appears Gerron is now raising the same claim or a similar claim.

To the extent that this claim was not raised on direct appeal or in a state habeas application, it has been defaulted. "Exhaustion requires that a petitioner first present the substance of his federal claims to the highest state court either through direct appeal or by state collateral review procedures." *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009) (citing *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir.2005)); *see also Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994) ("[The petitioner's] failure to raise this [sufficiency of the evidence] claim on direct appeal constituted a procedural default under state law.") (citing *Clark v. State of Texas*, 788 F.2d 309, 310 (5th Cir.1986)).

Gerron also raised his second claim in his state habeas application.[2] State Habeas Ct. R. -01 143, 202-214. He appears to challenge the sufficiency of the evidence. To the extent that a sufficiency of the evidence claim was not raised on direct appeal, it was defaulted on collateral review. State Habeas Ct. R. -01 at 252 (citing *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *see also Hatten*, 570 F.3d at 605; *Morris*, 413 F.3d at 491. Because Gerron did not exhaust his second claim, it is procedurally barred from review by this Court and cannot furnish the basis for cause and prejudice enabling federal review of the underlying unexhausted habeas claim.

In the alternative, Gerron's second claim was addressed on the merits and denied. The Waco Court of Appeals concluded: "Here, the jury, as the factfinder, reviewed the images and other evidence and determined that the girls depicted in exhibits 2 through 10 were under the age of 18 at the time that the images were made." *Gerron*, 524 S.W.3d at 319. Gerron appears to argue that the jury's determination that the individuals depicted in the images were younger than eighteen and engaged in sexual conduct does not actually prove the individuals were younger than eighteen and engaged in sexual conduct.

In pertinent part, the state habeas court found:

---

[2] To the extent that Gerron is presenting a new constitutional challenge, this claim was available on direct review and was defaulted in state court. *See Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007) (finding that habeas corpus is an extraordinary remedy and may not be used to assert claims that could have been raised on direct appeal) (citing *Ex parte Townsend*, 137 S.W.3d 79, 81-82 (Tex.Crim.App.2004)).

13

19) [Gerron] claims in Ground 4 that he was denied due process because he did not have sufficient notice that his conduct was forbidden[;]

20) [Gerron] cannot raise either claim via writ because he could have raised them on direct appeal. *See Grigsby*, 137 S.W.3d at 674;

21) [Gerron's] complaint in Ground 4 that he did not have notice his conduct was forbidden because no evidence showed he knew the victims were under 18 is a sufficiency claim, which is not cognizable on habeas review;

22) There was ample evidence that [Gerron] knew the victims were under 18, including the photographs themselves, [Gerron's] 11,000 total pictures of child pornography and erotica, and [Gerron's] computer download log showing he had searched specifically for young girls engaging in sexual conduct;

23) The term "lewd exhibition" is not vague. It is a commonly known term that could be readily applied by the jury and gives sufficient notice of what sort of material is forbidden;

24) [Gerron] is not entitled to relief on Ground 4[.]

State Habeas Ct. R. -01 at 252.

Gerron's argument that the jury's determination the images depicted individuals under eighteen engaged in sexual acts is unrelated to the determination regarding whether the possessor of the images knew they depicted individuals under eighteen engaged in sexual acts is not compelling. The Waco Court of Appeals specially held: "Determination of the age of a child in a possession of child pornography case is a fact issue for the factfinder to decide." *Gerron*, 534 S.W.3d at 318. The testimony at Gerron's trial suggested that the individuals depicted in the pictures were younger than eighteen years old and also engaged in sexual

conduct. *Id.* at 319. In addition, as discussed, the titles of the pictures at issue "referred to young girls and sexual conduct." *Id.*

Gerron's lack-of-notice argument also lacks merit. "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983); *see also United States v. Daniels*, 247 F.3d 598, 600 (5th Cir. 2001). There is a clarity requirement in regulation, which is essential to the protections afforded by the Due Process Clause of the Fifth Amendment. *F.C.C. v. Fox Television Stations, Inc.*, 132 S. Ct. 2307, 2317 (2012) (citing *United States v. Williams*, 553 U.S. 285, 304 (2008)). "It requires the invalidation of laws that are impermissibly vague." *Id.* In Texas, to be convicted of the possession or promotion of child pornography, a person must "*knowingly or intentionally* possesses, or *knowingly or intentionally* accesses *with intent to view*, visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct." Tex. Penal Code. § 43.26(a)(1) (emphasis added). The person must know "that the material depicts [a] child" younger than eighteen years of age. *Id.* § 43.26(a)(1), (2). Because Texas Penal Code § 43.26, the statute under which Gerron was charged and convicted, is clear and provided proper notice, his claim that "so far as Petitioner knew, he did not commit a crime," Mem. 25 (ECF No. 4), is irrelevant to the requisite knowledge requirement contained in the statute. Gerron

15

claims that he is not making an "ignorance of the law is an excuse" argument. *Id.* 24. However, he does make such an argument. In sum, § 43.26 is legally sufficient and is not so vague as to deprive Gerron of proper notice of the conduct prohibited under the statute.

For these reasons, Gerron has failed to demonstrate that the adjudication by the Waco Court of Appeals or the CCA constituted an unreasonable application of clearly established Supreme Court precedent. Accordingly, Gerron's second claim should be denied.

### III. Recommendation

For the foregoing reasons, the Court should DENY Gerron's § 2254 petition.

Signed December 6, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).