IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY DEAN GERRON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-00719-G-BT |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Jeffrey Dean Gerron's Motion to Proceed *In Forma Pauperis* on Appeal (ECF No. 24). For the reasons discussed herein, the District Court should DENY Gerron's motion.

Title 28 U.S.C. § 1915(a) sets forth the standards governing *in forma pauperis* motions. The goal of § 1915(a) is to allow access to federal courts for those parties who lack the resources to pay any of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). A federal court may authorize a civil or criminal appeal by a person who provides an affidavit that includes a statement of all assets such person possesses, and he demonstrates he is unable to pay the fees or give security therefor. 28 U.S.C. § 1915(a)(1). In addition, if the person is a prisoner, he must also provide a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. *Id.* § 1915(a)(2). The Court must then examine the financial condition of the

applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows, 842 F.2d at 140*. "This entails a review of other demands on [an] individual [applicant's] financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, Gerron filed this action under 28 U.S.C. § 2254, and he paid the $5.00 filing fee on March 22, 2019. His Motion to Proceed *In Forma Pauperis* on Appeal, filed on January 26, 2022, demonstrates that he received a stimulus check from the U.S. Treasury for $1,400.00 in April 2021 and another in August 2021 for $1,814.56. Moreover, he has been receiving a monthly gift of $200.00 from a trust established for him in accordance with his mother's will. Finally, Gerron's certificate of inmate trust account shows a current account balance of $4,073.36, and his six-month average deposits have been $502.43. In sum, he has failed to demonstrate it would "cause undue financial hardship" for him to pay the $505.00 appellate filing fee. *See Prows, 842 F.2d at 140*. Therefore, the District Court should DENY Gerron's Motion to Proceed *In Forma Pauperis* on Appeal.

Signed February 2, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).